[No. 8804. Department One. November 30, 1910.]

J. W. PRICE, *Respondent*, v. CLALLAM COAL COMPANY, *Appellant*.[1]

WORK AND LABOR—EVIDENCE—SUFFICIENCY. The evidence is insufficient to warrant the verdict of a jury in favor of plaintiff for work and labor, where the amounts due and sums paid are admitted or established by uncontroverted evidence, and the process of addition and subtraction determines that the defendant had overpaid the plaintiff and was entitled to a counterclaim.

Appeal from a judgment of the superior court for King county, Gay, J., entered December 18, 1910, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Reversed.

[1]Reported in 111 Pac. 893.

*Frank A. Noble*, for appellant.

*Holzheimer, Herald & Holzheimer*, for respondent.

RUDKIN, C. J.—On the 9th day of September, 1908, the plaintiff and defendant entered into a written contract, whereby the plaintiff agreed to drive a rock tunnel in a certain coal mine or claim, owned by the defendant in Clallam county. The tunnel was to be driven 500 feet, more or less, as the defendant might direct, at a cost of $14 per lineal yard. At the time of the execution of the contract the plaintiff deposited with the defendant the sum of $300 to secure its faithful performance according to its terms. Work commenced under the contract in October, 1908, and was abandoned by direction of the defendant in February, 1909. The present action was instituted to recover the $300 deposited as security, and the further sum of $55.75, for services performed by the plaintiff as a coal miner, under a separate contract. The answer consisted of denials, and a counterclaim in favor of defendant in the sum of $15.05 in excess of the several amounts claimed by the plaintiff. The case was tried before a jury, and from a judgment in favor of the plaintiff in the sum of $344.60, the defendant has appealed.

The principal assignment of error, and the only one we feel called upon to consider, is the insufficiency of the evidence to justify the verdict and judgment. This assignment must be sustained. Under the testimony, the respondent claimed credit for the following items: Amount of deposit $300; driving 137 yards of tunnel, at $14 per yard, $1,918; labor claim, mentioned in the second cause of action, $55.75. The first and third items are not disputed, but the second is not established by any competent testimony. The respondent bases his claim for 137 yards of tunnel construction on certain monthly statements furnished by the superintendent of the appellant company, who was confessedly a secret partner of the respondent in this undertaking. The respondent offered no other testimony as to the length of tunnel driven by

him.  He called the superintendent as a witness in his behalf, but the latter admitted that the statements furnished by him were excessive and incorrect, and were so turned in for the reason that the respondent was running behind on his contract.  On the other hand, two witnesses for the appellant testified that they measured the tunnel as driven by the respondent, and that the entire distance driven was 113 1-3 yards, and no more.  There is no competent testimony to the contrary.  The respondent's side of the account therefore stands thus:  Amount of deposit $300; driving 113 1-3 yards of tunnel at $14 per yard $1,586.66; labor claim in second cause of action, $55.75; total, $1,942.41.  As against this, the following offsets are either admitted or established by uncontroverted testimony:  For powder, $517; labor claims, $919.55; board, $371.65; paid to respondent, $209.80; total $2,018; leaving a balance in favor of the appellant in excess of the $15.05 claimed in its answer.  This result is based, not on conflicting testimony, but on the simple process of addition and subtraction, against which the verdict of a jury cannot prevail.

The judgment of the court below is therefore reversed, with directions to dismiss the respondent's complaint, and enter judgment in favor of the appellant in accordance with the prayer of its counterclaim.

FULLERTON, GOSE, MOUNT, and PARKER, JJ., concur.